[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13903
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00121-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED WILLIAM BRAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 3, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

After serving 40 months in custody for failing to register as a sex offender in violation of 18 U.S.C. § 2250, Fred William Brand violated the terms of his 20-year term of supervised release by driving with a suspended license and failing to

attend required sex offender treatment.  Based upon these violations, the district court sentenced him to 14 months in custody and re-imposed the 20-year term of supervised release.  The district court also imposed numerous conditions of supervised release, including the one Mr. Brand now challenges on appeal: "participation] in a program approved by the . . . Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer."  For the reasons which follow, we affirm the district court's imposition of this condition.

First, Mr. Brand's contention that the condition violates the Fifth Amendment's privilege against self-incrimination is foreclosed by our decisions in *United States v. Zinn*, 321 F.3d 1084, 1090-92 (11th Cir. 2003), and *United States v. Taylor*, 338 F.3d 1280, 1284 (11th Cir. 2003).  As those cases explain, there is no Fifth Amendment claim until a defendant is forced to testify over his valid claim of privilege.  Here the term of supervised release has not yet begun, so Mr. Brand has not been forced, due to the condition, to testify over a valid claim of privilege.  To the extent Mr. Brand says that his situation is not controlled by *Zinn* and *Taylor* because of his low IQ – which purportedly makes it difficult for him to assert his Fifth Amendment rights – he did not make that argument below, and we do not perceive any plain error.  *See Zinn*, 321 F.3d at 1087.

Second, on this record the imposition of the condition is substantively reasonable and does not constitute an abuse of discretion. *See Taylor*, 338 F.3d at 1283 (reviewing similar condition for abuse of discretion). Mr. Brand had prior convictions for child molestation, battery, theft, and deprivation of a child (i.e., failing to provide proper housing for minor children). In addition, he had violated his probation and supervised release a number of times; he continued to deny that he was guilty of child molestation; and the district court was concerned with his lack of candor and lack of respect for the law. As a result, the district court had sufficient reasons, related to Mr. Brand's offense and personal history, for imposing the condition. *See* 18 U.S.C. § 3553(a)(1); *Zinn*, 321 F.3d at 1090.

**AFFIRMED.**